On the 15th June, 1871, a petition for re-hearing having been filed by the defendant,
Nicholson, O. J.,
delivered the following opinion:
This cause was heard and determined at a former day of the term. The defendant, by petition, asks us to reconsider, and reverse, 'or reform the decree made in favor of the complainant.
*465 It is made to appear, that when the decree was rendered in tire court below in favor of complainant for about $10,000, be prayed for an appeal to tbis Court, wbicb was granted upon the condition of bis giving bond within sixty days. That be declined to prosecute the appeal, but proceeded to execute the decree, by the sale of property attached, amounting to about $2,500, and by enforcing execution for about $7,500, the balance, unsatisfied, by the sale of the attached property. The $7,500 was paid by Jones as surety of defendant Greenwald. That complainant executed a receipt in full satisfaction of the judgment, ■ and then filed a transcript of the record in tbis Court, and obtained a writ of error. The transcript so filed contained none of the proceedings wbicb took place after the rendition of the decree, such as the sale of the property attached, and the satisfaction of the balance of the decree by the surety. The transcript for writ of error was filed in tbis Court in 1868, and notice thereof was given to the then solicitors of defendants.
The cause was beard here at the present term, on the transcript as filed, and as all the original solicitors of defendants bad withdrawn from the case only a few days before the cause was beard, and the solicitor then engaged was ignorant of the facts before stated as having occurred after the rendition of the decree below, no suggestion was made to the court in regard to those facts, and no steps taken to bring them before the court. *466 It resulted, that the cause was heard and determined by the court, in ignorance of the existence of the said facts, either by the court or by defendant’s solicitor.
The application now is, that the case be reconsidered, and that the additional facts stated be allowed to have their just weight in the determination of the cause. It is further suggested for our consideration, that the judgment rendered in this case is erroneous, and should be reformed.
We are satisfied, that the circumstances which prevented the new facts from being brought before the court, at the hearing of the cause, are such as to make it proper now to consider them, with the view of determining whether they are of a character to affect the conclusion already arrived at, and announced in the case.
The application does not have reference to a failure to give credit in the decree here, for the amount of the decree below, which was paid — that credit is properly given in the decree here as entered — but it has reference to the legal effect of the payment, under the circumstances, on the right of complainant to obtain a decree for an additional amount upon the proceeding by writ of error.
The proceedings which took place, for the enforcement of the satisfaction of the decree below, constituted part of the record of the cause. The transcript, therefore, filed for writ of error, was not complete and perfect, without these proceedings. It. was competent for either party, upon *467 suggestion of a diminution of the record, to have the omitted proceedings brought up by certiorari. As this was not done, and as the petition brings forward the omitted proceedings, we now consider the legal effect of the facts shown by the supplied portions of the record, as if the same were before us by certiorari.
Looking to the entire record, it appears that complainant, after having prayed for an appeal, waived the right granted to him to give bond within sixty days, and proceeded to enforce his decree to satisfaction. If he had perfected his appeal, by giving bond, the decree would have been vacated, and his right to enforce it would have been taken away. It is said, that by abandoning his appeal, and electing his right to enforce liis decree, he thereby elected to stand by the decree, and consequently waived his right afterward to resort to the writ of error. In support of this position, it is argued, that the defendants had a right to assume, that complainant had elected to be satisfied with the decree, and' that they, and especially the surety Jones, were thereby thrown off their guard, and sustained injury in satisfying the decree, under the impression so produced upon him by the conduct of complainant. It is not for us to determine how the rights and liabilities of the surety would be affected, if the facts were made to appear that the appeal was prayed, and time obtained to give the bond, with the view of deceiving the defendants into the belief that the *468 appeal was abandoned upon failure to give bond, and that by this fraudulent device the security bad been induced to satisfy tbe decree, under the belief so produced, and that thereby he had sustained injury. This state of facts, if before us on proof, would present a very different question from that raised simply upon the face of the record. Looking alone to the record — and we cannot look outside of it — the complainant exercised a plain right in praying his 'appeal; he indicated distinctly by that act, that although he had obtained a decree, he was not satisfied with the amount of it. He had a right to abandon the appeal, and we cannot presume that he did so with a fraudulent purpose. After abandoning his appeal, his decree was in full force, and he had a perfect right to enforce it by the legal modes of obtaining satisfaction. We are unable to see how his proceeding to enfore his decree can be held, as matter of law, to be a waiver of his right afterwards to exercise the right of resorting to the writ of error, to have his own decree reviewed and reversed. He had indicated his dissatisfaction with its amount, by praying an appeal. In applying for his writ of error, within the time prescribed by law, he was in the exercise of a right secured by law to either party. He took the chances of the result of his' writ of error — if he should fail in the Supreme Court to obtain any decree at all, or one less than he obtained below, he would have been compelled to refund. If he *469 succeeded in obtaining a larger decree, be would make tbe difference. By tbe strict letter of tbe law be was in tbe exercise of bis rights, and looking alone to tbe record, we are unable to see that be is not entitled to tbe decree wbieb lias been rendered in tbe case. Tbe case of Roberts v. Cantrell, 3 Hayw., 219, may be authority, in a case in which defendant might seek for relief in equity, but has no application to tbe case in its present attitude.
"We have re-examined tbe question as to tbe proper judgment to be rendered, on tbe breach of tbe contract to pay for tbe cotton in gold or its equivalent, and we are unable to see that tbe decree entered does not carry out tbe intention of tbe parties in making tbe contract. Tbe defendants bad tbe election to pay in gold or its equivalent at tbe time tbe day of .payment arrived. Having failed to make .an election, but being in default in paying at all, tbe complainant was then entitled to damages for the breach of tbe contract. His damages were tbe amount in gold, or its value or equivalent in currency. As defendant bad failed to elect to pay in gold, complainant bad a right to insist on tbe terms of tbe contract, which were, that if tbe payment was not made in gold, it should be made in an amount of currency equivalent in value to tbe gold. Tbe decree is so entered, and we do not see that it is in conflict with tbe cases of Bronson v. Rodes, 7 Wall, 229, and Butler v. Horwitz, 7 Wall, 258.
*470 The petition is, therefore, disallowed and dismissed.
On a further application, made July 5, 1871, to have the decree modified as to the sureties in the replevin bond,
Nicholson, O. J.,
delivered the following opinion:
This is an application to the Court on behalf of the sureties in the replevin bond to vacate and set aside as to them the decree and judgment rendered in this cause, on a former day of the term, for the reason that there was no copy in the. record of the replevy bond, executed by defendants G-reenwald and Lobe, upon the suing out of the attachment by complainant, said bond, by oversight, not having been copied into the transcript. The Court being satisfied, upon inspection of the record, that said bond was omitted, by oversight, in making out the transcript, and a certified copy of the said bond being now on file as part of the record, the Court is of opinion that the said decree and judgment should be vacated and set aside, and that the same should now be entered in pursuance of the opinion heretofore delivered in the cause; it is therefore ordered that the same be now done.
And the Court being of opinion that according to the terms of the replevy bond, executed by defendants G-reenwald and Lobe, with K. S. Jones and M. M. Seay as sureties, complainant is entitled to have judgment against the said Greenwald and *471 Lobe and their sureties for the amount of the debt, interest, and costs decreed to be due to complainant, the application of defendants to have the cause remanded, with' instructions to have the value of the property attached ascertained, as the amount for which defendants are responsible, is disallowed. The Court is of opinion that when the defendants Greenwald and Lobe replevied the goods attached, they waived their right to execute, a bond simply in double the value of the goods, and executed their bond in double the amount of complainant’s demand, and that they cannot now elect to satisfy said bond by the amount of the value of the goods.
The decree, therefore, will be entered against the obligors to the replevy bond for the amount of the debt, interest, and costs, as determined by the decision already made.